IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOE MAJALCA URIAS,**

    Petitioner,

**vs.**                                                                 Civ. No. 98-0443 JP/LCS

**JOE WILLIAMS, Warden, et al.,**

    Respondents.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

**Proposed Findings**

    This matter comes before the Court upon Respondent's Motion to Dismiss, filed on May 29, 1997.  The Respondent moved to dismiss this 28 U.S.C. §2254 petition for *habeas corpus* relief on the grounds that it is time-barred.  Petitioner filed an untimely response to the Motion.

    On Dec. 21, 1994, the Petitioner was convicted of two counts each of attempted first degree murder, aggravated battery and false imprisonment, and given a 20 year sentence. His direct appeal was denied by the New Mexico Supreme Court on March 11, 1996. The time for filing a petition for a writ of *certiorari* with the United States Supreme Court ran on June 10, 1996.  He filed a state *habeas corpus* petition on April 23, 1997, which was denied on February 11, 1998.  He then filed a petition for a writ of *certiorari* challenging the denial of his state *habeas corpus* petition on March 11, 1998, which was denied on March 25, 1998, and he filed this federal *habeas corpus* petition on April 14, 1998.

1

The Antiterrorist and Effective Death Penalty Act of 1996, 28 U.S.C. Sec. 2244(d)(1), provides a one year statute of limitations on the filing of federal *habeas corpus* petitions. The one-year time period begins to run from the latest of the following:

(A) the date the judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review;

(B) the date any impediments by the state to the filing of the federal petition are removed;

(C) the date the constitutional right upon which the Petitioner relies was initially recognized by the Supreme Court;

(D) the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence.

In the present case, the State of New Mexico imposed no impediments to the Petitioner's filing of his federal *habeas corpus* petition. The constitutional rights upon which the Petitioner relies (the right to effective assistance of trial counsel, and the right to suppression of a coerced confession) were recognized by the Supreme Court many years before his conviction. The factual predicate of his claims could have been discovered by February of 1995, and the time for petitioning the United States Supreme Court for a writ of *certiorari* to review the New Mexico Supreme Court's final denial of his direct appeal expired on June 10, 1996, 90 days after the New Mexico Supreme Court's denial of his appeal. *See* U.S. Sup. Ct. Rule 13.1, 28 U.S.C.A. Accordingly, the one-year statute of limitations began to run on June 10, 1996, the latest of the four triggering circumstances under 28 U.S.C. Sec. 2244 (d)(1).

In addition, the one-year period does not run during the time a petitioner's state *habeas corpus* petition is pending, *see* 28 U.S.C. Sec. (D)(2), although the time between the denial of the

petition by the district court and the filing of the petition for a writ of *certiorari* to the State Supreme Court on that claim is not excluded. *Moseley v. French*, 961 F.Supp. 889 (M.D.N.C. 1997). In the present case, his state *habeas corpus* petition was pending from April 23, 1997 until February 11, 1998, and his petition for a writ of *certiorari* was filed on March 13, 1998 and denied on March 25, 1998. Because Petitioner used 9 ½ months of the one-year statute of limitations before filing his state *habeas corpus* claim and another month after it was initially denied before filing his petition for a writ of *certiorari* on that claim, as of March 25, 1998, Petitioner still had 1 ½ more months in which to file his federal *habeas corpus* petition. In the present case, the petition was filed on April 14, 1998, only three weeks after the New Mexico State Supreme Court denied Petitioner's state *habeas corpus* claim. Accordingly, it is not time-barred.

**Recommended Disposition**

I recommend that the Motion to Dismiss be denied. Within ten days after a party is served with a copy of the Proposed Findings and Recommended Disposition that party may, pursuant to §636(b)(1)(C), file written objections. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.

**Leslie C. Smith**
**UNITED STATES MAGISTRATE JUDGE**
