IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**NOE MAJALCA URIAS,**

    Petitioner,

**vs.**                                                      Civ. No. 98-0443 JP/LCS

**JOE WILLIAMS, Warden, et al.,**

    Respondents.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**Note**

Within ten days after a party is served with a copy of these Amended Proposed Findings and Recommended Disposition that party may, pursuant to 28 U.S.C. Sec. 636(b)(1)(c), file written objections. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the Amended Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.

    This matter comes before the Court upon Respondent's Objections to my Proposed Findings and Recommended Disposition, filed on July 24, 1998. Having considered the Objections and the relevant law, I find they are well taken. Accordingly, I issue the following Amended Proposed Findings and Recommended Disposition.

**Proposed Findings**

    On Dec. 21, 1994, Petitioner Noe Majalca Urias was convicted of two counts each of attempted first degree murder, aggravated battery and false imprisonment. He was given a 20 year

sentence. His direct appeal was denied by the New Mexico Supreme Court on February 22, 1996. He did not file an appeal to the United States Supreme Court.

Under the Antiterrorist and Effective Death Penalty Act, 28 U.S.C. Sec. 2244(d)(1), Urias, in order to have his petition for a writ of habeas Corpus considered by the federal courts, had to file his petition within one year of last day in which he could have filed for direct review in the United States Supreme Court. Under Supreme Court rule 13(3), that date was May 22, 1996, ninety days from the date his appeal was denied by the New Mexico Supreme Court.

Eleven months later, on April 23, 1997, Urias filed a petition for a writ of *Habeas Corpus* in the State system. Under 28 U.S.C. Sec. 2244 (d)(2), the one-year statute of limitations was tolled during the time the petition was pending. When the state petition was denied on February 11, 1998, Urias had one month left in which to file his federal petition. After waiting a month, he filed a petition for a writ of *Certiorari* to the New Mexico Supreme Court to review the denial of his state *Habeas Corpus* petition. On that date, his one-year statute of limitations had expired. During the time the petition for a Writ of Certiorari was pending, the time once again was tolled; however, after the New Mexico Supreme Court denied his petition on March 25, 1998, the time began to run again, and Urias waited three more weeks, until April 14, 1998, before filing his federal petition for a writ of *Habeas Corpus*. Accordingly, his petition is three weeks past the one year statute of limitations, and should be dismissed as time-barred.

**Recommended Disposition**

Because Urias' petition is untimely, I recommend it be dismissed.

_____
**Leslie C. Smith**
**UNITED STATES MAGISTRATE JUDGE**